# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EARL SIDNEY DAVIS,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) CIVIL NO. 07-646-JPG |
| **DAVID STANTON.,** *et al.*, | ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, a person confined at the Department of Human Services's Treatment and Detention Facility, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In this action, Plaintiff seeks damages against his former attorney and the state's attorney for conspiring to deprive Plaintiff of effective assistance of counsel in connection with his state civil commitment proceeding. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). Also before the Court is Plaintiff's motion for appointment of counsel (Doc. 3).

Title 28 U.S.C. § 1915(e)(2) provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -

(A) the allegation of poverty is untrue; or

(B) the action or appeal -

    (i) is frivolous or malicious; or

    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief from a defendant who is immune from

such relief.

28 U.S.C. § 1915(e)(2)(A) and (B). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 ( 2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915(e)(2)(B); this action is subject to summary dismissal.

### THE COMPLAINT

Plaintiff alleges that Defendant Griffin, a public defender, conspired with Defendant Stanton, an Assistant Attorney General for the State of Illinois, to deprive Plaintiff of the effective assistance of counsel in connection with Plaintiff's state civil commitment proceeding. As a result of this conspiracy, Plaintiff appears to claim that his current confinement is unconstitutional.

### DISCUSSION

Plaintiff cannot maintain an action for damages under § 1983 for his allegedly unconstitutional confinement, or for other harm caused by actions whose unlawfulness would render is commitment invalid, until that commitment has been declared invalid through the proper channels. *Cf. Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (convicted prisoner could not bring § 1983 action for damages based on allegedly unlawful conviction until the conviction is reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by federal court's issuance of a writ of habeas corpus). Because there is no indication that Plaintiff's commitment has been overturned or invalidated, the instant complaint does not survive review under § 1915(e)(2)(B).

Accordingly, this action is **DISMISSED** with prejudice. Additionally, Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED**.

**IT IS SO ORDERED.**

**Dated: December 17, 2007.**

                                                       s/ J. Phil Gilbert
                                                       **U. S. District Judge**